sentencing. In these cases, the Missouri Supreme Court and the Court of Appeals found the defendants were entitled to sentencing under the amendatory law because the law had changed **before** they were sentenced. In Sales' 1992 case, however, he was both convicted and sentenced years before any change was made to the statute under which he was convicted. The definition of deviate sexual intercourse was not amended until nearly three years after his sentencing. Nevertheless, Sales argues that he should benefit from the amendatory law as he faces being sentenced as a persistent offender.

■ The State counters by arguing that the language of § 1.160 does not apply to Sales' situation. The State draws a distinct line between the cases affected by § 1.160 and Sales' case by explaining that Sales' prior conviction and sentence for sodomy in 1992 was valid and was not affected by § 1.160 because the law was not changed prior to sentencing. Further, the State cites supportive case law explaining that § 1.160 only allows a defendant to benefit from a lesser punishment provision in an amended law. However, even in the event that the court erred as to sentencing, the defendant would still be tried and convicted under the statute in effect at the time of the commission of the crime. Therefore his convictions would remain the same, only his punishment lessened. *State v. Phelps*, 965 S.W.2d 357, 359–60 (Mo. App.1998). "Section 1.160 only authorizes the reduction of the punishment; the offense itself, if committed prior to the amendment of a penal law, is unaffected by the amendment." *Id.* at 359 ( citing *State v. Sumlin*, 820 S.W.2d 487, 493 (Mo. banc 1991)).

At the time of both Sales' conviction and sentencing in 1992, the 1986 statute in effect defined hand to genital contact as sodomy. Because Sales admitted to touching the victim's genitals with his hand, he was convicted of sodomy and sentenced accordingly. Because the statutory change Sales relies upon did not take place before his sentencing, and, in fact, did not happen until nearly three years later, Sales is not now entitled to be treated as if he was not convicted of what the law then defined as sodomy and thus avoid the status of a persistent offender.

As mentioned above, in order for a defendant to be sentenced as a persistent offender, the State must prove beyond a reasonable doubt that he has been previously convicted of rape, forcible rape, sodomy, forcible sodomy, statutory rape, statutory sodomy or an attempt to commit any of those offenses. Here, the State conclusively proved that Sales was validly convicted of sodomy in 1992 and, therefore, could be sentenced as a persistent offender. Point denied.

The judgment is affirmed.

THOMAS H. NEWTON, Presiding Judge, and JOSEPH M. ELLIS, Judge, concur.

**Johnny THOMAS, Appellant,**

v.

**Joanne RICE, Respondent.**

**No. WD 58899.**

Missouri Court of Appeals, Western District.

Aug. 7, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 2001.

Application for Transfer Denied Nov. 20, 2001.

Johnny Thomas, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Bart Matanic, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

Before PAUL M. SPINDEN, Chief Judge, PATRICIA A. BRECKENRIDGE, and LISA WHITE HARDWICK, Judge.

### ORDER

Johnny Thomas sued Joanne Rice for injuries purportedly sustained from Rice's testimony as a court reporter at a hearing on his motion for post-conviction relief. The circuit court dismissed the lawsuit. We affirm. Rule 84.16(b).

**STATE of Missouri, Respondent,**

v.

**Damar WEST, Appellant.**

**No. WD 58797.**

Missouri Court of Appeals,
Western District.

Aug. 7, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 2, 2001.

Application for Transfer Denied
Nov. 20, 2001.